# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZHAOJIN DAVID KE, | ) | |
|     Plaintiff | ) | C.A. No. 18-125 Erie |
| | ) | |
| v. | ) | District Judge Susan Paradise Baxter |
| | ) | |
| SUPERIOR COURT OF PENNSYLVANIA, WESTERN DISTRICT, et al., | ) ) ) | |
|     Defendants. | ) | |

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is Plaintiff's motion for default judgment against Defendants Michael DiPasquale, Robert J. Catalde, James J. Fitzgerald, and Joseph M. Walsh [ECF No. 66].

On May 1, 2018, Plaintiff Zhaojin David Ke, initiated this civil rights action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983, against Defendants Superior Court of Pennsylvania, Western District ("Superior Court"), Erie County Court of Common Pleas ("Erie Court"), and Mary Richmond, an attorney who was appointed by the Erie Court to serve as Master of Plaintiff's divorce proceedings. For ease of reference, the Superior Court and Erie Court will collectively be referred to as the "Court Defendants."

On or about June 1, 2018, Attorney Caroline Liebenguth ("Liebenguth") of the Administrative Office of Pennsylvania Courts accepted service of the complaint on behalf of the Court Defendants and subsequently filed a motion to dismiss on their behalf on July 9, 2018 [ECF No. 14]. Apparently in response to this motion, Plaintiff filed a first amended complaint [ECF No. 16] omitting his claims against the Court Defendants. As a result, The Court

Defendants' motion to dismiss was denied as moot [ECF No. 20] and the Court Defendants were terminated from this case.

In his first amended complaint, Plaintiff maintained claims against Defendant Richmond, and added claims against four new Defendants: Michael DiPasquale, executive administrator of the Superior Court ("DiPasquale"); Robert J. Catalde, court administrator of the Erie Court ("Catalde"); The Honorable James J. Fitzgerald, a senior judge on the Superior Court ("Fitzgerald"); and The Honorable Joseph M. Walsh, a judge on the Erie Court ("Walsh"). On or about July 31, 2018, Attorney Liebenguth executed waivers of service on behalf of the four new Defendants [ECF Nos. 21-24]; however, she failed to enter her appearance for them on the docket and did not file a timely answer on their behalf.

As a result, on October 12, 2018, Plaintiff requested entry of default against Defendants DiPasquale, Catalde, Fitzgerald, and Walsh [ECF No. 38], and default was subsequently entered by the Clerk against said Defendants on October 15, 2018 [ECF No. 41].

On January 10, 2019, Plaintiff filed the instant motion for default judgment [ECF No. 66]. Attorney Liebenguth has since filed a response in opposition to Plaintiff's motion [ECF No. 67], to which Plaintiff has filed a reply [ECF No. 68]. This matter is now ripe for consideration.

## II. DISCUSSION

Federal Rule of Civil Procedure 55(b)(2) provides that a district court may enter default judgment against a party when default has been entered by the Clerk of Court. The entry of default by the Clerk, however, does not automatically entitle the non-defaulting party to a default judgment. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984); D'Onofrio v. Il Mattino, 430 F.Supp.2d 431, 437 (E.D. Pa. 2006). Rather, the entry of default judgment is a matter within the sound discretion of the district court. Hritz, 732 F.2d at 1180. In deciding whether to enter

default judgment, the court is required to consider three factors: "(1) prejudice to the moving party if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct, taken willfully and in bad faith." Sentry Select Ins. Co. v. LBL Skysystems (U.S.A.), Inc., 486 F.Supp.2d 496, 502 (E.D.Pa.2007), citing Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir.2000)).

In exercising its discretion, the district court must keep in mind the stated preference of the court of appeals, "that cases be disposed of on the merits whenever practicable." Id., quoting Hritz, 732 F.2d at 1180; see also Hill v. Williamsport Police Dep't, 69 F. App'x. 49, 51 (3d Cir.2003) ("Our Court does not favor entry of defaults or default judgments ... as it prefers adjudications on the merits."). "Because we disfavor default judgments, doubts as to whether a defendant should be permitted to file an untimely answer should be resolved in favor of allowing a determination on the merits." Willaman v. Erie Satellite Office of the Bureau of Alcohol, 2014 WL 11474846, at *1 (W.D. Pa. Jul. 28, 2014), citing Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 122 (3d Cir. 1983); Budget Blinds, Inc. v. White, 536 F.3d 244, 258 (3d Cir. 2008); Lorenzo v. Griffith, 12 F.3d 23, 27 n.4 (3d Cir. 1993).

Here, Attorney Liebenguth represents that her failure to file a timely answer on behalf of Defendants DiPasquale, Catalde, Fitzgerald, and Walsh, was solely attributable to her error in mistakenly marking this case closed after the Court Defendants were dismissed, and then "fail[ing] to calendar that responses were due on behalf of the newly added defendants" after she accepted service of the amended complaint on their behalf. (ECF No. 67, at p. 2). Although regrettable, this explanation warrants against a finding that the default was done willfully and in bad faith. Moreover, Attorney Liebenguth has propounded a number of litigable defenses available to the Defendants, some or all of which appear to have merit, despite Plaintiff's

objections to the contrary. These proposed defenses include Eleventh Amendment immunity, absolute judicial immunity, the Rooker-Feldman doctrine, the Declaratory Judgment Act, and the Domestic Relations exception to federal jurisdiction. Finally, Plaintiff has failed to show how he would be prejudiced by the denial of default judgment in this case, especially considering that his most recent amended complaint was filed on December 12, 2018, two months after default was entered against these Defendants and only one month before the filing of the instant motion. All of these factors weigh in favor of denying default judgment and adjudicating this case on the merits.

AND NOW, THEREFORE, this 17th day of July, 2019,

IT IS HEREBY ORDERED that Plaintiff's motion for default judgment against Defendants DiPasquale, Catalde, Fitzgerald, and Walsh [ECF No. 66], is DENIED, and it is FURTHER ORDERED that said Defendants shall file a response to Plaintiff's second amended complaint [ECF No. 61] within twenty (20) days of the date of this Order.

*/s/ Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge