IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZHAOJIN DAVID KE, )<br>  Plaintiff )<br>  )<br>v. )<br>  )<br>SUPERIOR COURT OF )<br>PENNSYLVANIA, WESTERN )<br>DISTRICT, et al., )<br>  Defendants. ) | C.A. No. 18-125 Erie<br><br>District Judge Susan Paradise Baxter |

## MEMORANDUM OPINION

### I. INTRODUCTION

#### A. Relevant Procedural History

On May 1, 2018, Plaintiff Zhaojin David Ke, initiated this civil rights action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983 [ECF No. 3], against Defendants Superior Court of Pennsylvania, Western District ("Superior Court"), Erie County Court of Common Pleas ("Erie Court"), and Mary Richmond ("Richmond"), an attorney who was appointed by the Erie Court to serve as Master of Plaintiff's divorce proceedings. Plaintiff subsequently filed a first amended complaint [ECF No. 16] omitting his claims against the Superior Court and Erie Court,[1] while retaining his claims against Defendant Richmond and adding claims against four new Defendants: Michael DiPasquale, executive administrator of the Superior Court ("DiPasquale"); Robert J. Catalde, court administrator of the Erie Court ("Catalde"); The Honorable James J. Fitzgerald, a senior judge on the Superior Court ("Fitzgerald"); and The Honorable Joseph M.

---

[1] Defendants Superior Court and Erie Court were, thus, terminated from this case on July 24, 2018.

Walsh, a judge on the Erie Court ("Walsh"). For convenience, Defendants DiPasquale, Catalde, Fitzgerald, and Walsh will be collectively referred to as "Court Defendants."

On October 1, 2018, Plaintiff filed supplemental counts as to Defendant Richmond only. [ECF No. 37]. In all, Plaintiff has asserted four claims against Defendant Richmond: (1) a retaliation claim under 18 Pa.C.S.A. § 4953; (2) a Fourteenth Amendment substantive due process claim under 42 U.S.C. § 1983; (3) a retaliation claim under Section 1983; and (4) a state law claim of intentional infliction of emotional distress. On October 12, 2018, Defendant Richmond filed a motion to dismiss Plaintiff's amended complaint and supplemental counts [ECF No. 39], asserting that (1) she is entitled to quasi-judicial immunity from Plaintiff's Section 1983 claims; (2) the court lacks subject matter jurisdiction to review Plaintiff's Section 1983 claims under the Rooker-Feldman doctrine; and (3) Plaintiff's state law claims of retaliation and intentional infliction of emotional distress fail to state causes of action upon which relief may be granted. Plaintiff filed a response in opposition to Defendant Richmond's motion on December 26, 2018 [ECF No. 63], to which Defendant Richmond filed a reply brief [ECF No. 64], and Plaintiff then filed a sur-reply brief [ECF No. 65].

In the meantime, Plaintiff was granted leave to file a second amended complaint, which was docketed on December 12, 2018 [ECF No. 61]. However, since the effect of the second amendment was merely to consolidate the first amended complaint and supplemental counts in one pleading, Defendant Richmond's existing motion to dismiss [ECF No. 39] is deemed to have been filed as to the second amended complaint. In addition to the above-mentioned claims against Defendant Richmond, the second amended complaint includes the following claims against the Court Defendants: (1) a Fourteenth Amendment due process claim; (2) a state created

danger claim under the Equal Protection Clause of the Fourteenth Amendment; and (3) a state law claim of intentional infliction of emotional distress.

On August 4, 2019, the Court Defendants filed a motion to dismiss Plaintiff's second amended complaint [ECF No. 71], arguing, *inter alia*, that the court lacks subject matter jurisdiction to review Plaintiff's Section 1983 claims under the Rooker-Feldman doctrine. Plaintiff has since filed a brief in opposition to the Court Defendants' motion [ECF No. 78]. This matter is now ripe for consideration.

### **B.** **Relevant Factual History**

On January 1, 2008, Plaintiff separated from his wife and moved from their marital home in Erie, Pennsylvania, to Philadelphia, Pennsylvania. (ECF No. 61, Second Amended Complaint, at ¶ 11). Plaintiff alleges that he and his wife had actually been estranged since 2004, and even signed a divorce agreement that year. (Id.). On December 23, 2007, Plaintiff was granted disability retirement and began receiving monthly pension and disability supplemental payments. (Id. at ¶ 12). On January 31, 2013, Plaintiff's wife filed a divorce complaint, and on March 13, 2014, Defendant Richmond was appointed divorce master by the Erie Court. (Id. at ¶ 13).

Defendant Richmond initially held two hearings to determine the parties' date of separation. (Id.). A few days after the second hearing on June 16, 2014, Plaintiff found the 2004 divorce agreement and emailed a copy of it to Defendant Richmond; however, she refused to accept it, allegedly because she was offended by Plaintiff's criticism of her for overcharging fees. (Id. at ¶ 15). Defendant Richmond did not issue a report until November 3, 2014, leading Plaintiff to criticize her, via emails, for her dilatory conduct. (Id. at ¶ 16). In her report Defendant Richmond designated February 22, 2013, as the date of separation, despite the fact that all parties

3

agreed that Plaintiff moved out of the marital home on January 1, 2008. (Id. at ¶ 17). Despite Plaintiff's exceptions, the hearing judge upheld Defendant Richmond's determination of the separation date on February 2, 2015. (Id. at ¶ 19).

On December 9, 2015, Defendant Richmond scheduled a third hearing; however, Plaintiff objected to the hearing as unnecessary, twice notified Defendant Richmond that he would not attend the hearing, and then moved to disqualify her "because of her deliberate prejudice." (Id. at ¶ 21). After the hearing judge denied Plaintiff's motion to disqualify Defendant Richmond, the third hearing was held as scheduled, in Plaintiff's absence. (Id. at ¶¶ 22-23). After the hearing, Defendant Richmond issued her second report on September 2, 2016, in which she allegedly made a number of questionable determinations regarding property distribution, including the allotment of 50% of Plaintiff's disability supplement to his ex-wife, without explanation, despite Plaintiff's argument that it was not marital property. (Id. at ¶ 23). Plaintiff's exceptions to this second report were denied by Defendant Walsh, and Defendant Richmond's report was "unconditionally" adopted on November 28, 2016. (Id. at ¶ 27). The divorce decree was subsequently issued on December 13, 2016. (Id. at ¶ 29). On appeal to the Superior Court, Defendant Fitzgerald affirmed the state court's ruling. (Id. at ¶ 34). Plaintiff's petition for allowance of appeal was later denied by the Pennsylvania Supreme Court on March 27, 2018. (Id. at ¶ 36)

## II. DISCUSSION

### A. Quasi-Judicial Immunity

Defendant Richmond argues that Plaintiff's Section 1983 claims against her are barred by quasi-judicial immunity, insofar as they seek monetary damages.

Quasi-judicial immunity attaches to public officials whose roles are "'functionally comparable' to that of a judge." Hamilton v. Leavy, 322 F.3d 776, 785 (3d Cir.2003), quoting Butz v. Economou, 438 U.S. 478, 513 (1978). In this regard, it is well-settled that the role of a divorce master appointed by the state court is quasi-judicial in nature. Acavino v. Wilson, 2018 WL 5848982, at *3 (E.D. Pa. Nov. 8, 2018) (finding that divorce master is entitled to quasi-judicial immunity because his role "is functionally comparable to a judge); Grier v. Elicker, 2017 WL 3015879, at *3 n.2 (M.D. Pa. June 20, 2017) (recognizing that divorce masters appointed by state courts "regulate all proceedings in court hearings before them, and have a large range of duties, many of them identical to judges"); Langella v. Cercone, 2010 WL 2402940, at *7 (W.D.Pa. June 10, 2010) (holding that family law master was entitled to absolute immunity from suit brought by plaintiff under Section 1983).

Quasi-judicial immunity is an absolute bar to monetary liability for any defendant who performs judicial functions and is sued in his or her personal capacity, even if the defendant acted with malice or in bad faith, unless (1) the conduct at issue was not a "judicial act," or (2) the conduct was taken in complete absence of jurisdiction. Mireles v. Waco, 502 U.S. 9, 11 (1991). These two exceptions are quite narrow in scope and are not frequently invoked to deny judicial or quasi-judicial officers such immunity. See Stump v. Sparkman, 435 U.S. 349, 362 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only

when he has acted in the 'clear absence of jurisdiction.'"); Gallas v. Supreme Court of Pa., 211 F.3d 760, 769 (3d Cir.2000) ("[O]ur analysis must focus on the general nature of the challenged action, without inquiry into such 'specifics' as the [official's] motive or the correctness of his or her decision," citing Mireles, 502 U.S. at 13.

Here, the crux of Plaintiff claims against Defendant Richmond is that, in determining the equitable distribution of marital assets, she abused her discretion, "maliciously retaliated" against Plaintiff, and denied him "economic justice." Yet, it is beyond dispute that Defendant Richmond's conduct at issue was a "judicial act," regardless of how objectionable Plaintiff may find it. Moreover, Plaintiff does not, and cannot, argue that Defendant Richmond acted in the "clear absence of jurisdiction." Thus, neither of the two exceptions to quasi-judicial immunity are applicable here. As a result, the Court finds that Plaintiff's Section 1983 claims against Defendant Richmond are barred by quasi-judicial immunity, to the extent Plaintiff seeks monetary damages against her.

### B. Subject Matter Jurisdiction

To the extent Plaintiff seeks equitable relief for his Section 1983 claims,[2] both Defendant Richmond and the Court Defendants argue that this Court does not have subject matter jurisdiction to hear such claims under the *Rooker-Feldman* doctrine. This doctrine takes its name from two cases, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), in which the Supreme Court determined that federal district courts lack subject matter jurisdiction over suits that are essentially appeals from state-court judgments. The Supreme later clarified that the doctrine "is confined to cases … brought by state-court losers complaining of injuries caused by state-court judgments rendered

---

[2] All of Plaintiff's claims against the Court Defendants seek equitable relief only.

before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Thus, "the doctrine has narrow applicability." Allen v. DeBello, 861 F.3d 433, 438 (3d Cir. 2017).

According to the Third Circuit Court, four requirements must be met for the jurisdictional bar of the Rooker-Feldman doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments;' (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments. Great W. Mining & Mineral Co, v. Fox Rothschild, LLP, 615 F.3d 159, 166 (3d Cir. 2010), cert. denied, 536 U.S. 904 (2011), citing Exxon Mobil, 544 U.S. at 284. "*Rooker-Feldman* does not bar suits that challenge actions or injuries underlying state court decisions – and especially those that predate entry of a state court decision – rather than the decisions themselves." Allen, 861 F.3d at 438. See also Great W. Mining, 615 F.3d at 167 ("when the source of the injury is the defendant's actions (and not the state court judgments), the federal suit is independent, even if it asks the federal court to deny a legal conclusion reached by the state court"). Therefore, "[t]he second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim." Great W. Mining, 615 F.3d at 159.

Here, it is beyond dispute that Plaintiff was the losing party in state court, and that the state court determination at issue was rendered before the instant suit was filed. Thus, the first and third requirements for applying the *Rooker-Feldman* doctrine are plainly satisfied. As to the second and fourth requirements, however, Plaintiff argues that he "is not directly challenging any of the adverse state court's decisions but only targeting the policies underlying those decisions

that violated the Constitution." (ECF No. 78, Plaintiff's Opposition Brief, at p. 6). Plaintiff's argument is strongly contested by Defendants.[3] This dispute can only be resolved by reviewing the equitable relief Plaintiff seeks in order to determine the focus of Plaintiff's various challenges, and the claimed source of Plaintiff's injuries. In so doing, the Court finds that Plaintiff's second prayer for relief is plainly a direct challenge to the state court judgments and is, thus, barred by the *Rooker-Feldman* doctrine.[4] As to the remaining claims for equitable relief, however, the Court finds it unnecessary to resolve the *Rooker-Feldman* dispute, because it is evident the relief Plaintiff seeks is neither appropriate, nor cognizable under Section 1983.

In order for this Court to exercise its jurisdiction, the threshold requirements of Article III must be satisfied; namely, there must be a justiciable case or controversy and the plaintiff must have standing to bring suit. See Allen v. Wright, 468 U.S. 737, 750-51 (1984); O'Shea v. Littleton, 414 U.S. 488, 493-94 (1974) (citations omitted); Lusardi v. Xerox Corp., 975 F.2d 964, 974 (3d Cir.1992) (citation omitted). Standing requires that a plaintiff allege an actual injury suffered as the result of Defendant's conduct which is likely to be redressed by the relief requested. Allen, 468 U.S. at 751; O'Shea, 414 U.S. at 493-94. Moreover, "[t]he injury must be 'fairly' traceable to the challenged action, and relief from the injury must be 'likely' to follow

---

[3] Defendant Richmond counters, "Plaintiff is clearly challenging the findings contained within the Reports and Recommendations issued by Richmond and the Orders of the state courts. Plaintiff is not suggesting that the policies underlying those findings is wrong or that the Pennsylvania Divorce Code ought to be changed; but that the findings themselves are incorrect under the law." (ECF No. 40, Defendant Richmond's Brief, at p. 19 n. 11). Similarly, the Court Defendants contend, "It is clear that the primary intent of this civil rights action is to have the state court orders revisited and rejected because Plaintiff is dissatisfied with the rulings. He asks this Court to conclude that the state Court wrongly decided the underlying action in violation of the *Rooker-Feldman* doctrine." (ECF No. 72, Court Defendants' Brief, at p. 4).

[4] Specifically, Plaintiff seeks an Order declaring that "under the Pennsylvania Divorce Act and in light of the equal protection of the laws under the Fourteenth Amendment the asset distribution should be equitably distributed and the valuation dates should be equally applied to both husband and wife." (ECF No. 61, at p. 37, no. 2). By this, Plaintiff is clearly inviting the Court to review and reverse the findings of the state courts, which Plaintiff has deemed inequitable and violative of his equal protection rights.

from a favorable decision." Allen, 468 U.S. at 751, citing Simon v. Eastern Kentucky Welfare Rights Org., 759 U.S. 26, 41 (1976). In this case, the equitable relief sought by Plaintiff fails to meet these threshold requirements.

In particular, Plaintiff seeks an order (1) declaring that the Court Defendants deprived him of his Fourteenth Amendment due process rights by not allowing him "to argue his Exceptions at the hearing set up for that very purpose or to argue his case *de novo* and by misusing the appellate review authority (deferential instead of plenary/de novo);" (2) declaring that the Court Defendants deprived him of his constitutional right to the equal protection of the laws "by taking away half of his disability supplemental;" (3) declaring that Defendant Richmond deprived him of his substantive due process rights and retaliated against him when she rendered her determination; (4) enjoining the Court Defendants from "disregarding [his] right to due process and the equal protection of the laws in handling the issue of asset distribution and his disability supplemental;" (5) enjoining the Court Defendants from "disregarding [his] due process right in the appellate review of his appeal in the Superior Court of Pennsylvania where the standard of review ought to be genuinely plenary and de novo;" and (6) enjoining Defendant Richmond "from deviating from constitutionally protected substantive due process when determining equitable asset distribution and from retaliating against plaintiff…" (ECF No. 61, Second Amended Complaint, at pp. 37-38, nos. 1, 3, 5-8).

As to the first three claims for declaratory relief, it is well-settled that asking "the District Court [to] 'declare' that [the plaintiff's] constitutional rights were violated ... is not declaratory relief in the true legal sense." Corliss v. O'Brien, 200 F. App'x 80, 84 (3d Cir.2006). "Declaratory judgment is inappropriate solely to adjudicate past conduct … [and is not] meant simply to proclaim that one party is liable to another." Id. See also Blakeney v. Marsico, 340 F. App'x 778,

780 (3d Cir. 2009) ("[E]ven if defendants violated [plaintiff's] rights in the past as he alleges, [plaintiff] is not entitled to a declaration to that effect"); Lyman v. Phila. Court of Common Pleas, 2017 WL 2813228, at *8 (E.D. Pa. Jun. 29, 2017) ("a declaratory judgment may not solely declare a past violation of rights"). Thus, Plaintiff has failed to plead a legally cognizable claim for declaratory relief.

With regard to the latter three claims for injunctive relief, it is axiomatic that "An injunction may not be imposed on a defendant to punish for his past conduct, or be employed merely as a basis for jurisdiction which otherwise would not exist." Woods v. Wolfe, 182 F.2d 516, 517-18 (3d Cir. 1950). An injunction "looks to the future," rather than to past conduct. Douglas v. City of Jeannette, 319 U.S. 157, 165 (1943). See also O'Shea, 414 U.S. at 495–96 ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects."); United States v. Oregon State Med. Soc., 343 U.S. 326, 333 (1952) ("The sole function of an action for injunction is to forestall future violations.").

Here, Plaintiff is asking this Court to enjoin the Defendants from engaging in the same unconstitutional conduct that they are alleged to have already taken against Plaintiff during the state court process. Plaintiff is, therefore, seeking prospective relief to remedy a past wrong. In order to obtain prospective relief, however, he must demonstrate that he is currently suffering harm as a result of Defendants' alleged conduct that will be remedied by the injunctive relief he seeks. O'Shea, 414 U.S. at 495-96. This he cannot do, as the granting of any of the injunctive relief he seeks would have no effect on remedying the harm of which he complains. See Smith v. Commonwealth of Pa., 1994 WL 704963, at *2 (E.D.Pa. Dec. 14, 1994) (finding that plaintiff

lacked standing to bring claims for injunctive relief because, if granted, they would have no effect on remedying the alleged harm).

Thus, Plaintiff lacks standing to bring his claims for equitable relief, and such claims against all Defendants will be dismissed for lack of subject matter jurisdiction.

### C. State Law Claims

In addition to his federal claims, Plaintiff has alleged state law claims of retaliation under 18 Pa.C.S.A. § 4953 against Defendant Richmond, and intentional infliction of emotional distress against all Defendants. However, because all of Plaintiff's federal claims are being dismissed, and in the interests of judicial economy, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(c)(3), and such claims will be dismissed without prejudice.

### D. Amendment

The Third Circuit has held that "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips v. County of Allegheny, 515 F.3d 224, 245 (3rd Cir.2008). In this instance, Plaintiff will not be granted leave to amend his complaint. As previously discussed, all of Plaintiff's federal claims against Defendant Richmond are barred by the doctrine of quasi-judicial immunity, to the extent Plaintiff seeks monetary damages, while the remaining federal claims against all Defendants are being dismissed for lack of subject matter jurisdiction. Under this set of circumstances, amendment would be futile.

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZHAOJIN DAVID KE, | ) | |
|     Plaintiff | ) | C.A. No. 18-125 Erie |
| | ) | |
| v. | ) | District Judge Susan Paradise Baxter |
| | ) | |
| SUPERIOR COURT OF PENNSYLVANIA, WESTERN DISTRICT, et al., | ) ) ) | |
|     Defendants. | ) | |

## ORDER

AND NOW, this 12th day of September, 2019,

IT IS HEREBY ORDERED that Defendant Richmond's motion to dismiss [ECF No. 39] and the motion to dismiss on behalf of Defendants DiPasquale, Catalde, Fitzgerald, and Walsh [ECF No. 71], are GRANTED, insofar as Plaintiff's Section 1983 claims against Defendant Richmond for monetary damages are DISMISSED on the basis of quasi-judicial immunity; Plaintiff's Section 1983 claims against all Defendants for equitable relief are DISMISSED for lack of subject matter jurisdiction; and Plaintiff's remaining state law claims against all Defendants are DISMISSED, without prejudice.

The Clerk is directed to mark this case closed.

                                                    s/Susan Paradise Baxter     .
                                                  SUSAN PARADISE BAXTER
                                                  United States District Judge