# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZHAOJIN DAVID KE,<br>    Plaintiff, | )<br>)    C.A. No. 18-125 Erie<br>) |
| v. | )<br>)    District Judge Susan Paradise Baxter |
| MICHAEL DIPASQUALE, et al.,<br>    Defendants. | )<br>) |

## MEMORANDUM ORDER

On September 12, 2019, this Court issued a Memorandum Opinion and Order [ECF No. 79] granting Defendants' motions to dismiss [ECF Nos. 39, 71]. Now before the Court is Plaintiff's motion for reconsideration [ECF No. 80].

Because the instant motion seeks reconsideration of this Court's Order, it will be construed as a request for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999). A motion for reconsideration under Federal Rule of Civil Procedure 59(e) must therefore rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already rightly or wrongly made. Williams v. Pittsburgh, 32 F.Supp.2d 236, 238 (W.D.Pa. 1998). Litigants are cautioned to "'evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant.'" Waye v.

1

First Citizen's Nat'l Bank, 846 F.Supp. 310, 314 n.3 (M.D.Pa. 1994) (quoting Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990). Motions for reconsideration should not relitigate issues already resolved by the court and should not be used to advance additional arguments which could have been made by the movant before judgment. Reich v. Compton, 834 F.Supp. 753, 755 (E.D.Pa. 1993) *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir. 1995).

Although Plaintiff does not indicate which subsection of Rule 59 forms the basis for his requested relief, it is apparent that he believes the Court made factual and/or legal errors that must be corrected to prevent manifest injustice. Upon review, however, Plaintiff's objections reiterate the same legal arguments and factual allegations he raised in his previous documents filed with the Court, all of which were fully considered by the undersigned in adopting the Report and Recommendation dated August 8, 2018. Requests for a "second bite of the apple" are not an appropriate basis for relief on a motion for reconsideration. See, e.g., Boone v. Daughtery, No. 12-1333, 2013 WL 5836329, at *1 (W.D. Pa. Oct. 30, 2013) ("Motions for reconsideration are not designed to provide litigants with a second bite at the apple.") (citing Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995)). As such, Plaintiff's motion for relief pursuant to Rule 59(e) must be denied.

To the extent that Plaintiff may intend to seek relief pursuant to Rule 60(b), his arguments are similarly unavailing. "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances …." Atkinson v. Middlesex Cnty., 610 F. App'x 109, 112 (3d Cir. 2015) (quoting Gonzalez v. Crosby, 545 U.S. 524, 528 (2005)). Those circumstances are: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have

been discovered in time to move for a new trial under Rule 59(b); (3) fraud … misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no long equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b); Zahl v. Harper, 403 F. App'x 729, 734 (3d Cir. 2010). "The movant under Rule 60(b) 'bears a heavy burden.'" Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991) (quoting Plisco v. Union R. Co., 379 F.2d 15, 17 (3d Cir. 1967)).

Plaintiff's attack on the factual and legal merits of this Court's opinion fall under Rule 60(b)(6), the catch-all provision, which "may only be invoked upon a showing of exceptional circumstances." Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002). As with Rule 59(e), a motion pursuant to Rule 60(b)(6) "may not be used as a second bite at the apple" or to "relitigate a point of disagreement between the Court and the litigant." United States v. Fausnaught, 2018 WL 1911247, at *3 (M.D. Pa. Apr. 20, 2018) (citing Jones v. Shannon, 2013 WL 6021956, at *7 (M.D. Pa. Nov. 13, 2013)). As noted above, Plaintiff's repeated objections to the legal and factual findings set forth in this Court's opinion fall squarely within this category and must be rejected.

For the reasons set forth above, Plaintiff's Motion for Reconsideration of this Court's Order [ECF No. 79] granting Defendants' motions to dismiss [ECF Nos. 39, 71] is DENIED.

*Susan Paradise Baxter*
SUSAN PARADISE BAXTER
United States District Judge

Dated: October 3, 2019

3